THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED VASSAR, Defendant-Appellant.

(No. 56806; ▮▮▮▮▮▮▮▮▮

First District—July 26, 1972.

James J. Doherty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant was charged with the theft of 141 boxes of Anacin tablets, valued at $63.98, from a Walgreen's drugstore. After waiving his rights to trial by jury and representation of counsel, defendant was convicted and was sentenced to 60 days in the House of Correction. Defendant, represented by the Public Defender, filed a notice of appeal. The Public Defender now seeks to withdraw. He has filed a brief in support of his motion pursuant to *Anders v. California,* 386 U.S. 738, and states that, from a review of the record, the only basis for an appeal would be:

1. Whether the prosecutor's remark before trial to the effect that the complaining witness was not in court was a deliberate misrepresentation designed to coerce the defendant into waiving his right to trial by jury and his right to counsel; or

2. Whether the evidence failed to establish the defendant's guilt beyond a reasonable doubt.

The Public Defender concludes that there was no deliberate misrepresentation by the prosecutor which prejudiced the defendant and that defendant was proven guilty beyond a reasonable doubt.

Defendant received a copy of the Public Defender's motion to withdraw and his supporting brief. He was also sent a letter by this court notifying him of the motion and giving him an opportunity to file any points he might choose to support his appeal. Defendant failed to respond.

After examining the points raised by the Public Defender's brief as well as the entire record before this court, we are compelled to conclude that this appeal would be wholly frivolous and without merit. The motion of the Public Defender to withdraw from the instant appeal is therefore allowed and the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.